IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Samuel Cannon, an individual; Geraldine Cannon, an individual; Clarence Mier, an individual; Carmelita Mier, an individual,<br><br>    Plaintiffs,<br><br>    vs.<br><br>US Bank, NA, Business Entity, form unknown, Lending Tree, a Business Entity, form unknown; Aurora Loan Services, LLC, a Business, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, a Business Entity, form unknown; and DOES 1-100 inclusive,<br><br>    Defendants. | Civ. No. 11-00079 HG-BMK |

**ORDER GRANTING DEFENDANT HOME LOAN CENTER, INC. D/B/A LENDING TREE LOANS' MOTION TO DISMISS THE COMPLAINT FILED ON FEBRUARY 1, 2011 (DOC. 12) WITH LEAVE TO AMEND**

Plaintiffs, appearing *pro se*, filed a twelve-count Complaint asserting various federal and state law claims arising from an April 12, 2007 mortgage transaction. Plaintiffs seek declaratory and injunctive relief, damages, and recession of the mortgage.

Defendant Home Loan Center, Inc. d/b/a Lending Tree Loans (hereafter "Lending Tree") moves to dismiss the Complaint as to them, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Lending Tree's Motion to

1

Dismiss (Doc. 12) is **GRANTED WITH LEAVE TO AMEND IN PART.**

## PROCEDURAL HISTORY

On February 1, 2011, Plaintiffs filed a Complaint. (Doc. 1.)

On February 28, 2011, Defendant Lending Tree filed "DEFENDANT HOME LOAN CENTER, INC. dba Lending Tree LOANS' MOTION TO DISMISS THE COMPLAINT FILED ON FEBRUARY 1, 2011" (hereafter "Motion to Dismiss") (Doc. 12).

On March 18, 2011, Defendants Aurora Loan Services, LLC and Mortgage Electronic Registration Systems, Inc. filed "STATEMENT OF NO OPPOSITION TO DEFENDANT HOME LOAN CENTER, INC. dba LENDING TREE LOANS' MOTION TO DISMISS COMPLAINT FILED FEBRUARY 1, 2011, FILED FEBRUARY 28, 2011" (Doc. 21).

Plaintiffs did not file an Opposition to Defendant Lending Tree's Motion To Dismiss.

Pursuant to Local Rule 7.2(d), the Court elected to decide the motion without a hearing. (Doc. 19.)

## BACKGROUND

Factual allegations asserted in the Complaint are considered true for the purposes of Defendant Lending Tree's Motion to Dismiss. See Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.1 (9th Cir. 2003).

According to the Complaint, Plaintiffs "entered into a loan repayment and security agreement" with Lending Tree "to repay a

2

loan in the amount of $436,500.00." (Complaint at ¶ 2.)  The

loan was secured by a mortgage on real property located at 94-

1104 Haehea Street, Waipahu, Hawaii 96797 (hereafter "Subject

Property").  (Id. at ¶ 1-2.)

Plaintiffs allege that Defendant Lending Tree: (1)

intentionally qualified Plaintiffs for a loan which it knew

Plaintiffs could not repay (id. at ¶¶ 28, 30-31, 37); (2) never

explained terms of the transaction which were unclear or

confusing (id. at ¶¶ 22, 30); (3) provided a loan which was more

expensive than alternative financing options available to the

Plaintiffs (id.); and (4) charged illegal and excessive fees (id.

at ¶¶ 23, 32).  Defendant Lending Tree, pursuant to Federal Rule

of Civil Procedure 12(b)(6), moves to dismiss all claims against

it.


**STANDARD OF REVIEW**

The Court must dismiss a complaint as a matter of law

pursuant to Federal Rule of Civil Procedure 12(b)(6) where it

fails "to state a claim upon which relief can be granted."

Rule(a)(2) of the Federal Rules of Civil Procedure requires "a

short and plain statement of the claim showing that the pleader

is entitled to relief."  When considering a Rule 12(b)(6) motion

to dismiss, the Court must presume all allegations of material

fact to be true and draw all reasonable inferences in favor of

the non-moving party. <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. <u>Id.</u> at 699. The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

In <u>Bell Atl. Corp. v. Twombly</u>, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. 550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555.

Most recently, in <u>Ashcroft v. Iqbal</u>, the Supreme Court clarified that the principles announced in <u>Twombly</u> are applicable in all civil cases. 129 S.Ct. 1937 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." <u>Id.</u> at 1949 (citing <u>Twombly</u>, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on
its face. Id. (quoting Twombly, 550 U.S. at 570). A claim has
facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged. Id. (citing
Twombly, 550 U.S. at 556). The plausibility standard is not akin
to a "probability requirement," but it asks for more than a sheer
possibility that a defendant has acted unlawfully. Id. (quoting
Twombly, 550 U.S. at 556). Where a complaint pleads facts that
are "merely consistent with" a defendant's liability, it "stops
short of the line between possibility and plausibility of
'entitlement to relief.'" Id. (quoting Twombly, 550 U.S.
at 557).


**ANALYSIS**

The Plaintiffs did not file an Opposition to Defendant
Lending Tree's Motion to Dismiss. The Court liberally construes
*pro se* pleadings and, therefore, examines Defendant Lending
Tree's motion on the merits. See Eldridge v. Block, 832 F.2d
1132, 1137 (9th Cir. 1987). The Ninth Circuit Court of Appeals
has held that, "[u]nless it is absolutely clear that no amendment
can cure the defect . . . a *pro se* litigant is entitled to notice
of the complaint's deficiencies and an opportunity to amend prior
to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d

5

245, 248 (9th Cir. 1995).  A *pro se* litigant will not be given an opportunity to correct incurable deficiencies in a complaint. Broughton v. Cutter Lab,, 622 F.2d 458, 460 (9th Cir. 1980).

Plaintiffs' Complaint contains twelve counts, eleven of which are directed at Defendant Lending Tree.  Defendant Lending Tree, pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss all claims against it.


**COUNT I -- Declarative Relief**

Count I seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.  Plaintiffs allege that, "[a]n actual controversy has arisen and now exists between Plaintiffs and Defendants regarding their respective rights and duties, in that Plaintiff[s] contend[] that Defendants did not have the right to foreclose on the Subject Property[.]"  (Complaint at ¶ 44.)  "As a result of the Defendants' actions, Plaintiffs have suffered damages . . . and seek[] declaratory relief that Defendants' purported power of sale is void[.]" (Id. at ¶ 45.)

Plaintiffs' claim for declaratory relief, as plead, is not a cognizable cause of action.  Declaratory judgment is appropriate when parties seek to resolve "an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so."  See Seattle Audubon Soc. V. Moseley, 80 F.3d

1401, 1405 (9th Cir. 1996). Declaratory judgment is not a corrective remedy and should not be used to remedy past wrongs. See, e.g., Concorde Equity II, LLC v. Miller, 732 F. Supp. 2d 990, 1002 (N.D. Cal. 2010) ("This cause of action is ultimately a request for relief. [Citation Omitted] Declaratory relief may be unnecessary where an adequate remedy exists under some other cause of action."); Mangindin v. Washington Mut. Bank, 637 F. Supp 2d 700, 707 (N.D. Cal. 2009) ("[T]he Court finds that the declaratory relief Plaintiffs seek is entirely commensurate with the relief sought through their other causes of action. Thus, Plaintiffs' declaratory relief claim is duplicative and unnecessary."). The purpose of a declaratory judgment is to set forth a declaration of future rights. Societe de Conditionnement en Aluminum v. Hunter Eng'g Co., 655 F.2d 938, 943 (9th Cir. 1981); Edejer v. DHI Mortg. Co., 2009 U.S. Dist. LEXIS 52900, at*31 (N.D. Cal. June 12, 2009) ("The purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have already occurred.").

The Plaintiffs have requested declaratory relief to correct an allegedly improper mortgage transaction. The Declaratory Relief Act, however, is not an appropriate remedy here since any declaration of the rights of the parties would essentially duplicate Plaintiffs' other causes of action. Concorde Equity

II, 732 F. Supp. 2d at 1002 ("Plaintiff's request is identical to the relief sought in the other viable causes of action, and the resolution of those causes of action would afford Plaintiff the exact relief sought in the cause of action for declaratory relief.").

As it would be impossible to amend the Complaint to plead a viable cause of action for declaratory relief, Count I is **DISMISSED WITH PREJUDICE.**


## COUNT II –- Injunctive Relief

Count II seeks an injunction to prevent the non-judicial foreclosure of the Subject Property. (Complaint at § 49.) It is a well-settled rule, however, that a claim for injunctive relief is a remedy, not an independent cause of action. See, e.g., Rosal v. First Fed. Bank of Cal., 671 F. Supp. 2d 1111, 1136 (N.D. Cal. 2009) ("A request for injunctive relief by itself does not state a cause of action."); Mangindin, 637 F. Supp 2d at 709 ("[I]njunctive relief [is] not [an] independent cause[] of action.").

In the Complaint, Plaintiffs do not provide any legal theory upon which the Court would be able to provide injunctive relief. Count II makes cursory allegations about irreparable harm and requests an injunction, but does not provide any legal grounds to justify equitable relief. (See Complaint at ¶¶ 48-51.) When a

complaint lists injunctive relief as an independent cause of action without any independent legal theory justifying such an equitable remedy, as the Plaintiffs have done here, the claim is vulnerable to be being dismissed for failing to state a claim upon which relief can be granted. E.g., Mier v. Lordsman Inc., Civ. No. 10-00584 JMS-KSC, 2011 U.S. Dist. LEXIS 8484, at* 10-11 (D. Haw. Jan. 26, 2011) (dismissing count for injunctive relief because "if injunctive relief is proper, it will be because Plaintiffs prevail — or have met the necessary test for such relief under Rule 65 of the Federal Rules of Civil Procedure — on an independent cause of action."); Rosal, 671 F. Supp. 2d at 1136; Mangindin, 637 F. Supp 2d at 709; Motley v. Homecomings Fin., LLC, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008).

Injunctive relief depends on an independent cause of action. The court will consider the merits of issuing an injunction to the extent that it applies to rest of the Complaint. As a remedy, however, it would be impossible for Plaintiffs to amend the complaint to make out a viable cause of action for injunctive relief as an independent cause of action. Count II is **DISMISSED WITH PREJUDICE.**


**COUNT III -- Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing**

Count III is styled "Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing." Plaintiffs state that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." (Complaint at ¶ 53.) Plaintiffs allege that Defendant Lending Tree "willfully breached their implied duty of good faith and fair dealing" by: (1) withholding certain disclosures the Plaintiffs fail to specify; (2) withholding notices of "excessive fees and closing costs; below standard and non-diligent underwriting standards, Yield Spread Premiums, Disclosures of additional income due to interest rate increases, and failure to disclose when negative credit scores where disseminated; and failure to provide disclosures of interest rates, business affiliations, kickback fees, hidden referral fees"; and (3) "placing Plaintiffs in a loan they did not qualify for[.]" (Id. at ¶ 56.)

While "Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing" is not a cause of action recognized in the State of Hawaii, Hawaii Courts have recognized the tort of "bad faith." Best Place v. Penn Am. Ins. Co., 920 P.2d 334, 342 (Haw. 1996). The tort of "bad faith," however, only applies to claims in "the insurance context or situations involving special relationships characterized by elements of fiduciary responsibility, public interest, and adhesion." Stoebner Motors,

<u>Inc. v. Automobili Lamborghini S.P.A.</u>, 459 F. Supp. 2d 1028, 1036-1037 (D. Haw. 2006) (quoting <u>Francis v. Lee Enters.</u>, 971 P.2d 707, 711 (Haw. 1999)); <u>Jou v. Nat'l Interstate Ins. Co. Of Haw.</u>, 157 P.3d 561, 568 (Haw. App. 2007) (tort of bad faith only applies in the insurance context because of the "special circumstances" that distinguish insurance contracts from other types of contracts). The tort of "bad faith" does not apply in the mortgage context. <u>See</u> <u>Mier</u>, 2011 U.S. Dist. LEXIS 8484, at* 15-17.

Count III alleges a cause of action that is not applicable outside the insurance context. Allowing the Plaintiffs leave to amend the Complaint would be futile. Count III is **DISMISSED WITH PREJUDICE.**

## COUNT IV -- Truth in Lending Act (TILA)

The Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"),[1] was enacted to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a).

---

[1] TILA is implemented by Federal Reserve Board Regulation Z, 12 C.F.R. § 226.1, *et seq*. <u>Yamamoto v. Bank of New York</u>, 329 F.3d 1167, 1169 (9th Cir. 2003).

TILA requires creditors to make specific financial disclosures and gives consumers a cause of action to seek damages and recision for violations of those disclosure requirements. See 15 U.S.C. § 1638; 12 C.F.R. § 226.23(a); In re Ferrell, 539 F.3d 1186, 1190 (9th Cir. 2008); Yamamoto, 329 F.3d at 1167.

Count IV of Plaintiffs' Complaint alleges that Defendant Lending Tree failed to satisfy TILA's disclosure requirements and requests (1) damages and (2) recision of the loan agreement. Defendant Lending Tree argues that Plaintiffs' TILA claims are time-barred.

**(1) Damages**

Claims for damages under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e); Consumer Solutions REO, LLC v. Hillery, 658 F.Supp.2d 1002, 1007 (N.D. Cal. 2009). The one-year period begins to run from the date of the consummation of the loan. King v. California, 784 F.2d 910, 915 (9th Cir. 1986). Here, the loan in question was consummated on April 12, 2007, approximately four years before commencement of this action. Plaintiffs, therefore, would be unable to recover any damages for alleged TILA violations unless the Court, sitting in equity, tolled the statute of limitations. Id. The doctrine of equitable tolling preserves otherwise time-barred TILA claims where the Plaintiff's failure to file a timely lawsuit is based

on excusable ignorance. Id.  In King, The Ninth Circuit Court of

Appeals explained:

> [T]he doctrine of equitable tolling may, in the
> appropriate circumstances, suspend the limitations
> period until the borrower discovers or had reasonable
> opportunity to discover the fraud or nondisclosures
> that form the basis of the TILA action.  Therefore, as
> a general rule, the limitations period starts at the
> consummation of the transaction.  The district courts,
> however, can evaluate specific claims of fraudulent
> concealment and equitable tolling to determine if the
> general rule would be unjust or frustrate the purpose
> of the Act and adjust the limitations period
> accordingly.

784 F.2d at 915.

Plaintiffs's Complaint does not allege equitable tolling.

The Complaint states that "[a]ny and all statute[s] of

limitations relating to disclosures and notices required pursuant

to 15 U.S.C. § 1601, *et seq*. were tolled due to Defendants'

failure to effectively provide the required disclosures."

(Complaint ¶ 63.)  Plaintiffs' statement that Defendant Lending

Tree did not satisfy TILA's disclosure requirements, by itself,

is not sufficient to invoke the doctrine of equitable tolling.

Garcia v. Wachovia Mortg. Corp., 676 F. Supp. 2d 895, 906 (C.D.

Cal. 2009) ("[T]he mere existence of TILA violations and lack of

disclosure does not itself toll the statute of limitations.");

The Complaint, even when liberally construed, fails to plead any

facts indicating that Plaintiffs did not have a reasonable

opportunity to discover the TILA violations within the one-year

statute of limitations period.  See Meyer v. Ameriquest Mortg.

<u>Co.</u>, 342 F.3d 899, 902-03 (9th Cir. 2003) (equitable tolling denied because plaintiff did not allege how he was prevented from discovering of the alleged TILA violations); <u>Hubbard v. Fidelity Fed. Bank</u>, 91 F.3d 75, 79 (9th Cir. 1996).

In their Motion to Dismiss, Defendant Lending Tree stated that the Complaint fails to plead facts giving rise to a viable claim for equitable tolling and that "TILA violations alone do not support the invocation of equitable tolling." (Defendant Lending Tree's Motion to Dismiss the Complaint Filed on February 1, 2011, at 14 (Doc. 12).) The Plaintiffs did not file an Opposition. The Plaintiffs had an opportunity to respond and explain how, in the context of alleged TILA violations, the Plaintiffs would be entitled to equitable tolling. The Plaintiffs did not take that opportunity. Plaintiffs failure to make any legal argument as to why the Court, sitting in equity, should toll TILA's statute of limitations is fatal. <u>See</u> <u>O'Donnell v. Vencor Inc.</u>, 466 F.3d 1104, 1112 (9th Cir. 2006) (inaction on the part of the Plaintiff to specify why equitable tolling applies in TILA context warrants dismissal with prejudice). Plaintiffs TILA claim for damages is time-barred and is, therefore, **DISMISSED WITH PREJUDICE.**


   **(2) Recision**

Pursuant to 15 U.S.C. § 1635(a), a borrower has a right to rescind a loan transaction "until midnight of the third business day following the consummation of the transaction or delivery of the information and rescission forms required under this section together with a statement containing [the required disclosures]." When the required disclosures are not provided, as alleged here, the right to rescission expires three years after consummation of the transaction or sale of the property.  15 U.S.C. § 1635(f). Unlike the one-year statute of limitations governing the recovery of damages, TILA's three-year statute of repose on rescission is not subject to equitable tolling.  Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citing King, 784 F.2d at 913).  The United States Supreme Court has held that the three-year statute of repose under 15 U.S.C. § 1635(f) "completely extinguishes the right of rescission at the end of the 3-year period." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998).

This action was filed on February 1, 2011, 3 years and 9 months after the transaction was consummated on April 12, 2007. Pursuant to 15 U.S.C. § 1635(f), TILA's three-year statute of repose bars Plaintiffs from any right of rescission under TILA. Plaintiffs' claim for rescission under TILA is **DISMISSED WITH PREJUDICE.**

**COUNT V –– Real Estate Settlement Procedures Act (RESPA)**

The Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") is a "consumer-protection statute promoting the flow of 'greater and more timely information' between mortgage creditors and debtors." <u>In re Herrera</u>, 422 B.R. 698, 711 (9th Cir. 2010). Count V of Plaintiffs' Complaint alleges violations of RESPA. Plaintiffs' allege that Defendant Lending Tree: (1) charged "egregious" fees "not justified by marketplace economics"(Complaint at ¶ 73); (2) "did give, provide or receive a hidden fee or thing of value for the referral of settlement business, including but not limited to, kickbacks, hidden referral fees, and/or yield spread premiums" (<u>id.</u> at ¶ 74); and (3) has not provided evidence that "a Special Information Booklet explaining the settlement costs" was "provided to Plaintiff within three (3) business days after consumer submitted loan applications" (<u>id.</u> at ¶ 75).

### A. There Is No Private Cause of Action For Violations Of Sections 2603 and 2604 of RESPA

Section 2604(c) of RESPA requires mortgage lenders to provide borrowers with a booklet containing a good faith estimate of the amount or range of charges for settlement services. Section 2603(b) requires a person conducting a settlement to make a "uniform settlement statement" available to the borrower at or before settlement. It is well-settled that there is no private cause of action for violations of these sections. <u>Martinez v. Wells Fargo Home Mortg., Inc.</u>, 598 F.3d 549, 557 (9th Cir. 2010);

accord <u>Collins v. FMHA-USFA</u>, 105 F.3d 1366, 1368 (11th Cir. 1997).  Count V, to the extent that it alleges violations of Sections 2603 and 2604, does not provide Plaintiffs with a viable cause of action.  Because leave to amend would be futile, the claims under Sections 2603 and 2604 of RESPA are **DISMISSED WITH PREJUDICE.**

###### B.    Any Claim Under Section 2607 of RESPA Is Time-Barred

The statute of limitations for a RESPA claim is either one or three years from the date of the violation, depending on the type of violation.  Specifically, 12 U.S.C. § 2614 states:

> Any action pursuant to the provisions of section 2605, 2607, or 2608 may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 and 1 year in the case of a violation of section 2607 or 2608 from the date of the occurrence of the violation. . .

Here, the alleged RESPA violations occurred approximately three years and nine months from the filing of the action.  Plaintiffs make no allegation of equitable tolling and there is nothing in the Complaint indicating that equitable tolling applies.  <u>See</u> <u>Sakugawa v. IndyMac Bank, F.S.B.</u>, Civ. No. 10-00504 JMS-LEK, 2010 U.S. Dist. LEXIS 125096, at* 11-12 (D. Haw. Nov. 24, 2010) ("Plaintiff brought this action well past either the one- or three-year statute of limitations for RESPA violations and the

Complaint includes no allegations suggesting that equitable
tolling may apply.").

Defendant Lending Tree's Motion to Dismiss clearly indicated
that Plaintiffs' RESPA claims were time-barred. (Defendant
Lending Tree's Motion to Dismiss the Complaint Filed on February
1, 2011, at 18-19 (Doc. 12).) The Plaintiffs did not file an
Opposition. The Plaintiffs have not provided the Court with any
legal or factual reason why the Court, sitting in equity, would
toll RESPA's statute of limitations. Plaintiffs' Section 2607
claim is time-barred and there are no grounds for invoking the
doctrine of equitable tolling. Count V is **DISMISSED WITH
PREJUDICE**.


**COUNT VI -- Rescission**

Count VI asserts that "Plaintiffs are entitled to rescind
the loan for all of the foregoing reasons: 1) TILA Violations; 2)
RESPA; 3) Fraudulent Concealment; 4) Deceptive Acts and Practices
(UDAP) and 5) Public Policy Grounds, each of which provides
independent grounds for relief." (Complaint at ¶ 77.)
Rescission is a remedy, not a cause of action. <u>Bischoff v. Cook</u>,
185 P.3d 902, 911 (Haw. App. 2008). As a remedy, rescission
"rises or falls with other claims." <u>Ballard v. Chase Bank U.S.,
NA</u>, Civ. No. 10-790 L(POR), 2010 U.S. Dist. LEXIS 130097, at *20
(S.D. Cal. Dec. 9, 2010).

The right of recession is contingent upon an independent cause of action. The court considers the merits of rescission to the extent that it applies to a separate cause of action in the complaint. Rescission does not constitute an independent cause of action, therefore, Count VI is **DISMISSED WITH PREJUDICE**.

## COUNT VII -- Unfair and Deceptive Business Act Practices (UDAP)

Count VII of Plaintiffs' Complaint alleges that Defendant Lending Tree violated the Hawaii State Unfair and Deceptive Business Practices Act (hereafter "UDAP"). Plaintiffs allege that Defendant Lending Tree knowingly placed Plaintiffs in a loan they could not afford, and that Defendant Lending Tree used deceptive payment schedules and charges to hide their deceptive practices. (Complaint at ¶ 83.)

Hawaii Revised Statute Section 480-2(a) makes it unlawful to engage in "unfair or deceptive acts or practices in the conduct of any trade or commerce." H.R.S. § 480-2(a). The Hawaii Supreme Court describes "deceptive acts or practices" as having "the capacity or tendency to mislead or deceive." Courbat v. Dahana Ranch, Inc., 141 P.3d 427, 434-435 (Haw. 2006) (quoting State by Bronster v. U.S. Steel Corp., 919 P.2d 294, 312-13 (Haw. 1996)). The Hawaii Supreme Court has adopted the Chiffdale Assocs. test. Id. (citing In re Cliffdale Assocs., Inc., 103 F.T.C. 110, Trade Cas. (CCH) P22137 (1984)). Under the Cliffdale

Assocs. test, a deceptive act or practice is (1) a
representation, omission, or practice that (2) is likely to
mislead consumers acting reasonably under circumstances where (3)
the representation, omission, or practice is material.  Id.; see
FTC v. Pantron I Corp., 33 F.3d 1088, 1095 (9th Cir. 1994).  "A
representation, omission, or practice is considered 'material' if
it involves 'information that is important to consumers and,
hence, likely to affect their choice of, or conduct regarding, a
product.'"  Id. (citing Novartis Corp. v. FTC, 343 U.S. App. D.C.
111, 223 F.3d 783, 786 (D.C. Cir. 2000)).

     Any allegation under H.R.S. § 480-2(a) involving claims of
"fraudulent business practices" must be plead with particularity
pursuant to Federal Rule of Civil Procedure 9(b).  Smallwood v.
NCsoft Corp., 730 F. Supp. 2d 1213, 1232-1233 (D. Haw. 2010).
Rule 9(b) requires a party asserting a claim involving fraud to
"state with particularity the circumstances constituting fraud .
. . ." Fed. R. Civ. P. 9(b).  The claim must "be accompanied by
the 'who, what, when, where, and how' of the misconduct charged."
Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009) (internal
citation and quotation marks omitted); see Alan Neuman Prod.,
Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988).

     The Plaintiffs' Complaint, as plead, fails to state a claim
under H.R.S. § 480-2(a).  The Complaint makes generalized and
vague allegations of deceptive business practices and fails to

identify "who, what, when, where, and how" Defendant Lending Tree violated H.R.S. § 480-2(a) under any cognizable legal theory. Allowing Count VII to proceed pursuant to H.R.S. § 480-2(a) as it is currently plead would not give Defendant Lending Tree sufficient notice of Plaintiffs' claims.  Count VII is **DISMISSED WITH LEAVE TO AMEND.**  Plaintiffs have until May 30, 2011 to file an Amended Complaint pleading facts that would give rise to a legally cognizable claim pursuant to H.R.S. § 480-2(a) and meets the pleading standard under Federal Rule of Civil Procedure 9(b). Failure to amend by May 30, 2011 will result in dismissal of the claim.


## COUNT VIII -- Breech of Fiduciary Duty

Count VIII of the Plaintiffs' Complaint alleges that Defendant Lending Tree owed Plaintiffs a fiduciary duty. (Complaint at ¶¶ 88-91.)  Plaintiffs claim that Defendant Lending Tree breached a fiduciary duty by placing the Plaintiffs in a loan Defendant Lending Tree knew the Plaintiffs could not afford. (Id. at ¶ 88.)

It is well-settled law that absent some special arrangement, a lender owes no fiduciary duty to the borrower.  McCarty v. GCP Mgmt., LLC, Civ. No. 10-00133 JMS/KSC, 2010 U.S. Dist. LEXIS 122585, at *12 (D. Haw. Nov. 17, 2010); Spencer v. DHI Mortg. Co., 642 F. Supp. 2d 1153, 1161 (E.D. Cal. 2009) ("Absent

'special circumstances' a loan transaction 'is at arms-length and there is no fiduciary relationship between the borrower and lender.'") (quoting <u>Oaks Mgmt. Corp. v. Super. Ct.</u>, 51 Cal. Rptr. 3d 561 (Cal. App. 2006)). A fiduciary duty may arise when a lender "excessively controls or dominates the borrower" effectively forcing the borrower to act "against its will." <u>Periguerra v. Meridas Capital, Inc.</u>, C 09-4748 SBA, 2010 U.S. Dist. LEXIS 8082, at *7 (N.D. Cal. Feb. 1, 2010). Alternatively, "a special relationship might exist if a bank offers any provision of trust or fiduciary services, or otherwise agrees to serve as a financial advisor." <u>River Colony Estates Gen. P'ship. v. Bayview Fin. Trading Grp.</u>, 287 F. Supp. 2d 1213, 1224 (S.D. Cal. 2003).

In Count VIII, Plaintiffs fail to plead any facts that would show a special arrangement or circumstance giving rise to a legally identifiable fiduciary duty between the Defendants and the Plaintiffs. Bald assertions in the Complaint that a fiduciary duty exists fails to satisfy the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1951; <u>Shepherd v. Am. Home Mortg. Servs., Inc.</u>, 2009 U.S. Dist. LEXIS 108523, at *2 (E.D. Cal. Nov. 20, 2009) ("Plaintiff cites no authority for the proposition that [Defendants] owed a duty to not cause plaintiff harm. . . . In fact, loan servicers do not owe a duty to the borrowers of the

loans they service."). As plead, Count VIII fails to state a claim against Defendant Lending Tree. Defendant Lending Tree does not owe any fiduciary duty to the Plaintiffs, therefore, Count VIII is **DISMISSED WITH PREJUDICE.**


## COUNT IX -- Unconscionability

Count IX of Plaintiffs' Complaint alleges:

Here, based on deception, unfair bargaining position, lack of adherence to the regulations, civil codes and federal standards that the Defendants were required to follow; coupled with the windfall that the Defendants reaped financially from their predatory practices upon Plaintiff's [sic], the court may find that the loan agreement and trust deed are unconscionable and of no force or effect.

(Complaint at ¶ 95.)

The Court may strike any clause or contract that is unconscionable pursuant to Hawaii Revised Statute Chapter 490, Section 2-302 Unconscionable Contract or Clause.[2] A contract

---

[2]H.R.S. § 490: 2-302 states:

(1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

(2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the

will be found to be unconscionable when "in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract." Earl M. Jorgensen Co. v. Mark Constr., 540 P.2d 978, 984 (Haw. 1975) (quoting Comment 1 to H.R.S. § 490:2-302). "It is apparent that two basic principles are encompassed within the concept of unconscionability, one-sidedness and unfair surprise." Lewis v. Lewis, 748 P.2d 1362, 1366 (Haw. 1988). Upon determining that a particular clause or contract is unconscionable, the Court may strike the clause, render the contract unenforceable, or construe the unconscionable provision in such a way as to render it no longer unconscionable. H.R.S. § 490: 2-302.

Unconscionability, however, is not an independent cause of action. See Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, 148 P.3d 1179, 1196 (Haw. 2006) (unconscionability is defense to enforcement of arbitration clause); Honolulu v. Midkiff, 616 P.2d 213, 217 (Haw. 1980) (unconscionability used as defense to enforcement of contract). "Unconscionability" is a defense to the enforcement of a contract or a legal argument in support of some other claim. Mier, 2011 U.S. Dist. LEXIS 8484, at *36;

---

determination.

<u>Gaitan v. Mortg. Elec. Registration Sys.</u>, Civ. No. 09-1009 VA,
2009 U.S. Dist. LEXIS 97117 (C.D. Cal. Oct. 5, 2009) ("No such
affirmative claim exists. Unconscionability may be raised as a
defense in a contract claim, or as a legal argument in support of
some other claim, but it does not constitute a claim on its
own.") (citing <u>Dean Witter Reynolds, Inc. v. Superior Court</u>, 211
Cal. App. 3d 758, 766, 259 Cal. Rptr. 789 (1989)). Plaintiffs''
claim of unconscionability is not an independent cause of action,
it is only a defense to the enforcement of a contract. As plead,
Count IX does not state an independent cause of action.

The Complaint may be liberally construed as seeking a
declaratory judgment that Defendant Lending Tree cannot enforce
the underlying contract because it is unconscionable.
Plaintiffs's Complaint, however, would still fail to adequately
plead a cause of action. In asserting any allegation of
unconscionability, the party seeking to nullify the contract or
clause must specify which terms of the contract are
unconscionable. <u>See</u> <u>Skaggs v. HSBC Bank USA, N.A.</u>, Civ. No.
10-00247 JMS/KSC, 2010 U.S. Dist. LEXIS 135724, at *9-11 (D. Haw.
Dec. 22, 2010). Failure to specify which terms are
unconscionable fails to state a claim pursuant to Federal Rules
of Civil Procedure 8 and 12(b)(6). <u>Id.</u>; <u>Mier</u>, 2011 U.S. Dist.
LEXIS 8484, at *36. Here, the Plaintiffs' Complaint does not
specify which terms of the underlying contract are

25

unconscionable.  The Complaint makes generalized allegations regarding the "the loan agreement" and "trust deed" but gives no facts or indications of which terms or clauses of these documents are unconscionable.  Without more, Count IX fails to state a claim for which relief can be granted pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).

Count IX is **DISMISSED WITH LEAVE TO AMEND.**  Plaintiffs have until May 30, 2011 to amend their claim to specify how Unconscionability is an independent cause of action, and which terms of the "loan agreement" and "trust deed" are unconscionable.  Failure to amended consistent with this Order by May 30, 2011 will result in dismissal of the claim.


## COUNT X -- Predatory Lending

Count X of Plaintiffs' Complaint seeks relief for alleged "predatory lending" by Defendant Lending Tree.  Predatory lending is not a cause of action.  <u>Mier</u>, 2011 U.S. Dist. LEXIS 8484, at *36 ("[T]here is no common law claim for 'predatory lending.'"); <u>Pham v. Bank of Am., N.A.</u>, No. C10-02613 HRL, 2010 U.S. Dist. LEXIS 81688, at *11 (N.D. Cal. Aug. 11, 2010) ("There is no common law claim for predatory lending.").  The term "predatory lending" is too broad, leaving the Court and Defendants "to guess whether this cause of action is based on an alleged violation of federal law, state law, common law, or some combination of the

above." <u>Vissuet v. Indymac Mortg. Servs.</u>, 09-CV-2321, 2010 U.S. Dist. LEXIS 26241, at *9 (S.D. Cal. Mar. 19, 2010). Hawaii Courts have not recognized a tort of "predatory lending" and the precise elements of such a cause of action remain undefined. <u>Mier</u>, 2011 U.S. Dist. LEXIS 8484, at *36. As an independent cause of action "predatory lending" is not a claim for relief. <u>Id.</u>; <u>Vissuet</u>, 2010 U.S. Dist. LEXIS 26241, at *9. Count X is **DISMISSED WITH PREJUDICE**.

### <u>COUNT XI -- Quiet Title</u>

Count XI of Plaintiffs' Complaint seeks "a declaration that the title to the Subject Property is vested in Plaintiff's [sic] alone and that the Defendants herein, and each of them, be declared to have no estate[.]" (Complaint at ¶ 113.)

Hawaii Revised Statute § 669-1(a) provides a cause of action for quiet title. It states that an "[a]ction may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim." H.R.S. § 669-1(a). A borrower, however, "many not assert 'quiet title' against a mortgagee without first paying the outstanding debt" on the property. <u>Rosenfeld</u>, 732 F. Supp. 2d at 975 (quoting <u>Kelley v. Mort. Elec. Registration Sys.</u>, 642 F. Supp. 2d. 1048, 1057 (N.D. Cal. 2009); <u>Mier</u>, 2011 U.S. Dist. LEXIS

8484, at* 15-17 ("[T]o assert a claim for quiet title against a mortgagee, a borrower must allege they have paid, or are able to tender, the amount of the indebitness.").

The Complaint does not indicate that the Plaintiffs satisfied the outstanding debt on the Subject Property created by the loan transaction on April 12, 2007. Plaintiffs' Complaint merely alleges "a formulaic recitation of the elements of the cause of action" for quiet title. <u>Iqbal</u>, 129 S. Ct. At 1949. The Complaint plainly indicates that there is still an outstanding debt on the Subject Property and the majority of Plaintiffs' other claims derive from that mortgage. The Complaint does not make a valid claim for quiet title and alleges facts that would bar any such relief. Count XI is **DISMISSED WITH PREJUDICE**.


## CONCLUSION

Defendant Lending Tree's "DEFENDANT HOME LOAN CENTER, INC. dba Lending Tree LOANS' MOTION TO DISMISS THE COMPLAINT FILED ON FEBRUARY 1, 2011" (Doc. 12) is **GRANTED** with leave to amend in part, as follows:

(1) Counts I, II, III, IV, V, VI, VIII, X, and XI fail to state claims for which relief can be granted and, therefore, are **DISMISSED WITH PREJUDICE**.

(2) Counts VII and IX fail to state claims for which relief can be granted. As plead, Counts VII and IX fail to alleged sufficient plausible facts that would give rise to a cause of action and are **DISMISSED WITHOUT PREJUDICE.**

(3) Plaintiffs have until May 30, 2011 to file an Amended Complaint consistent with this Order as to Counts VII and IX only. Failure to file an Amended Complaint consistent with this Order by May 30, 2011 will result in dismissal of the entire matter.


IT IS SO ORDERED.

DATED: April 29, 2011, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge