IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Samuel Cannon, an individual; Geraldine Cannon, an individual; Clarence Mier, an individual; Carmelita Mier, an individual,<br><br>    Plaintiffs,<br><br>    vs.<br><br>US Bank, NA, Business Entity, form unknown, Lending Tree, a Business Entity, form unknown; Aurora Loan Services, LLC, a Business, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, a Business Entity, form unknown; and DOES 1-100 inclusive,<br><br>    Defendants. | ) Civ. No. 11-00079 HG-BMK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING DEFENDANTS AURORA LOAN SERVICES LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-15N'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO DISMISS COMPLAINT (DOC. 23) WITH LEAVE TO AMEND**

Plaintiffs, appearing *pro se*, filed a twelve-count Complaint asserting various federal and state law claims arising from an April 12, 2007 mortgage transaction.  Plaintiffs seek declaratory and injunctive relief, damages, and recession of the mortgage.

Defendants Aurora Loan Services LLC, Mortgage Electronic Registration Systems, Inc., and U.S. Bank National Association move for summary judgement or, in the alternative, to dismiss the

complaint.  Defendants' motion is **GRANTED WITH LEAVE TO AMEND IN PART.**

## PROCEDURAL HISTORY

On February 1, 2011, Plaintiffs filed a Complaint. (Doc. 1.)

On February 28, 2011, Defendant Lending Tree Loans filed, "DEFENDANT HOME LOAN CENTER, INC. dba LENDINGTREE LOANS' MOTION TO DISMISS THE COMPLAINT FILED ON FEBRUARY 1, 2011" (Doc. 12).

On April 4, 2011, Defendants Aurora Loan Services, LLC, Mortgage Electronic Registration Systems, Inc., and U.S. Bank National Association filed "DEFENDANTS AURORA LOAN SERVICES LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-15N'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO DISMISS COMPLAINT" (hereafter "Defendants' Motion to Dismiss") (Doc. 23).

On April 21, 2011, Defendant Lending Tree Loans filed "DEFENDANT HOME LOAN CENTER, INC. dba LENDINGTREE LOANS' STATEMENT OF NO POSITION TO DEFENDANTS AURORA LOAN SERVICES LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-15N'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO DISMISS COMPLAINT" (Doc. 27).

On April 29, 2011, the Court filed "ORDER GRANTING DEFENDANT HOME LOAN CENTER, INC. D/B/A LENDING TREE LOANS' MOTION TO DISMISS THE COMPLAINT FILED ON FEBRUARY 1, 2011 (DOC. 12) WITH LEAVE TO AMEND" (Doc. 32).

On May 9, 2011, Defendants Aurora Loan Services, LLC, Mortgage Electronic Registration Systems, Inc., and U.S. Bank National Association filed "DEFENDANTS AURORA LOAN SERVICES LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-15N'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE MOTION TO DISMISS COMPLAINT" (Doc. 33).

Plaintiffs did not file an Opposition to Defendants Aurora Loan Services, LLC, Mortgage Electronic Registration Systems, Inc., and U.S. Bank National Association motion.

Pursuant to Local Rule 7.2(d), the Court elected to decide the motion without a hearing. (Doc. 25.)

**BACKGROUND**

According to the Complaint, Plaintiffs "entered into a loan repayment and security agreement" with Defendants Lending Tree Loans, Aurora Loan Services, LLC (hereafter "Aurora"), Mortgage Electronic Registration Systems, Inc. (hereafter "MERS"), and U.S. Bank National Association (hereafter "U.S. Bank") "to repay

a loan in the amount of $436,500.00." (Complaint at ¶ 2.) The loan was secured by a mortgage on real property located at 94-1104 Haehea Street, Waipahu, Hawaii 96797 (hereafter "Subject Property"). (Id. at ¶ 1-2.)

Plaintiffs allege that the Defendants: (1) intentionally qualified Plaintiffs for a loan which it knew Plaintiffs could not repay (id. at ¶¶ 28, 30-31, 37); (2) never explained terms of the transaction which were unclear or confusing (id. at ¶¶ 22, 30); (3) provided a loan which was more expensive than alternative financing options available to the Plaintiffs (id.); and (4) charged illegal and excessive fees (id. at ¶¶ 23, 32).

On April 29, 2011, all claims against Defendant Lending Tree Loans were dismissed and the Plaintiffs were given until May 30, 2011 to file an amended complaint.

Plaintiffs allege eleven counts of various violations of state and federal law against the remaining Defendants Aurora, MERS, and U.S. Bank, and a separate count against Defendant MERS for lack of standing. The Defendants Aurora, MERS, and U.S. Bank move for summary judgment on all claims pursuant to Federal Rule of Civil Procedure 56, or in the alternative, to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**STANDARD OF REVIEW**

A Court may convert a motion to dismiss into a motion for summary judgment when "a party has notice that the district court may look beyond the pleadings." Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1207 (9th Cir. 2007). The Court does not need to look beyond the pleadings, however, to determine the viability of the Plaintiffs' claims. By limiting analysis to the pleadings, Defendants Aurora, MERS, and U.S. Bank's motion will be evaluated as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court must dismiss a complaint as a matter of law pursuant to Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Id. at 699. The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the

exhibits attached to the complaint.  <u>Sprewell v. Golden State</u>
<u>Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

In <u>Bell Atl. Corp. v. Twombly</u>, the United States Supreme
Court addressed the pleading standards under the Federal Rules of
Civil Procedure in the anti-trust context.  550 U.S. 544 (2007).
The Supreme Court stated that Rule 8 of the Federal Rules of
Civil Procedure "requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action," and
that "[f]actual allegations must be enough to raise a right to
relief above the speculative level."  <u>Id.</u> at 555.

Most recently, in <u>Ashcroft v. Iqbal</u>, the Supreme Court
clarified that the principles announced in <u>Twombly</u> are applicable
in all civil cases.  129 S.Ct. 1937 (2009).  The Court stated
that "the pleading standard Rule 8 announces does not require
'detailed factual allegations,' but it demands more than an
unadorned, the-defendant-unlawfully-harmed-me-accusation."  <u>Id.</u>
at 1949 (citing <u>Twombly</u>, 550 U.S. at 555).  To survive a motion
to dismiss, a complaint must contain sufficient factual matter,
accepted as true, to state a claim to relief that is plausible on
its face.  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570).  A claim has
facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged.  <u>Id.</u> (citing
<u>Twombly</u>, 550 U.S. at 556).  The plausibility standard is not akin

6

to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Id. (quoting Twombly, 550 U.S. at 556).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).

## ANALYSIS

The Plaintiffs did not file an Opposition to Defendants Aurora, MERS, and U.S. Bank's motion.  The Court liberally construes *pro se* pleadings and, therefore, examines Defendants Aurora, MERS, and U.S. Bank's motion on the merits.  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  The Ninth Circuit Court of Appeals has held that, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).  A *pro se* litigant will not be given an opportunity to correct incurable deficiencies in a complaint.  Broughton v. Cutter Lab,, 622 F.2d 458, 460 (9th Cir. 1980).

Plaintiffs' Complaint contains twelve counts.  Defendants
Aurora, MERS, and U.S. Bank, pursuant to Federal Rule of Civil
Procedure 12(b)(6), move to dismiss all claims against them.

## COUNT I -- Declaratory Relief

Count I seeks relief under the Declaratory Judgment Act, 28
U.S.C. § 2201.  Plaintiffs allege that, "[a]n actual controversy
has arisen and now exists between Plaintiffs and Defendants
regarding their respective rights and duties, in that
Plaintiff[s] contend[] that Defendants did not have the right to
foreclose on the Subject Property[.]"  (Complaint at ¶ 44.)  "As
a result of the Defendants' actions, Plaintiffs have suffered
damages . . . and seek[] declaratory relief that Defendants'
purported power of sale is void[.]" (Id. at ¶ 45.)

Plaintiffs' claim for declaratory relief, as plead, is not a
cognizable cause of action.  Declaratory judgment is appropriate
when parties seek to resolve "an actual controversy that has not
reached a stage at which either party may seek a coercive remedy
and in cases where a party who could sue for coercive relief has
not yet done so."  See Seattle Audubon Soc. V. Moseley, 80 F.3d
1401, 1405 (9th Cir. 1996).  Declaratory judgment is not a
corrective remedy and should not be used to remedy past wrongs.
See, e.g., Concorde Equity II, LLC v. Miller, 732 F. Supp. 2d
990, 1002 (N.D. Cal. 2010) ("This cause of action is ultimately a

request for relief. [Citation Omitted] Declaratory relief may be unnecessary where an adequate remedy exists under some other cause of action."); Mangindin v. Washington Mut. Bank, 637 F. Supp 2d 700, 707 (N.D. Cal. 2009) ("[T]he Court finds that the declaratory relief Plaintiffs seek is entirely commensurate with the relief sought through their other causes of action. Thus, Plaintiffs' declaratory relief claim is duplicative and unnecessary."). The purpose of a declaratory judgment is to set forth a declaration of future rights. Societe de Conditionnement en Aluminum v. Hunter Eng'g Co., 655 F.2d 938, 943 (9th Cir. 1981); Edejer v. DHI Mortg. Co., 2009 U.S. Dist. LEXIS 52900, at*31 (N.D. Cal. June 12, 2009) ("The purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have already occurred.").

The Plaintiffs have requested declaratory relief to correct an allegedly improper mortgage transaction. The Declaratory Relief Act, however, is not an appropriate remedy here since any declaration of the rights of the parties would essentially duplicate Plaintiffs' other causes of action. Concorde Equity II, 732 F. Supp. 2d at 1002 ("Plaintiff's request is identical to the relief sought in the other viable causes of action, and the resolution of those causes of action would afford Plaintiff the

exact relief sought in the cause of action for declaratory relief.").

As it would be impossible to amend the Complaint to plead a viable cause of action for declaratory relief, Count I is **DISMISSED WITH PREJUDICE**.


## COUNT II -- Injunctive Relief

Count II seeks an injunction to prevent the non-judicial foreclosure of the Subject Property. (Complaint at § 49.) It is a well-settled rule, however, that a claim for injunctive relief is a remedy, not an independent cause of action. See, e.g., Rosal v. First Fed. Bank of Cal., 671 F. Supp. 2d 1111, 1136 (N.D. Cal. 2009) ("A request for injunctive relief by itself does not state a cause of action."); Mangindin, 637 F. Supp 2d at 709 ("[I]njunctive relief [is] not [an] independent cause[] of action.").

In the Complaint, Plaintiffs do not provide any legal theory upon which the Court would be able to provide injunctive relief. Count II makes cursory allegations about irreparable harm and requests an injunction, but does not provide any legal grounds to justify equitable relief. (See Complaint at ¶¶ 48-51.) When a complaint lists injunctive relief as an independent cause of action without any independent legal theory justifying such an equitable remedy, as the Plaintiffs have done here, the claim is

vulnerable to be being dismissed for failing to state a claim upon which relief can be granted. E.g., Mier v. Lordsman Inc., Civ. No. 10-00584 JMS-KSC, 2011 U.S. Dist. LEXIS 8484, at* 10-11 (D. Haw. Jan. 26, 2011) (dismissing count for injunctive relief because "if injunctive relief is proper, it will be because Plaintiffs prevail — or have met the necessary test for such relief under Rule 65 of the Federal Rules of Civil Procedure — on an independent cause of action."); Rosal, 671 F. Supp. 2d at 1136; Mangindin, 637 F. Supp 2d at 709; Motley v. Homecomings Fin., LLC, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008).

Injunctive relief depends on an independent cause of action. The court will consider the merits of issuing an injunction to the extent that it applies to rest of the Complaint. As a remedy, however, it would be impossible for Plaintiffs to amend the complaint to make out a viable cause of action for injunctive relief as an independent cause of action. Count II is **DISMISSED WITH PREJUDICE.**


## COUNT III -- Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing

Count III is styled "Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing." Plaintiffs state that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."

(Complaint at ¶ 53.)  Plaintiffs allege that Defendants "willfully breached their implied duty of good faith and fair dealing" by: (1) withholding certain disclosures the Plaintiffs fail to specify; (2) withholding notices of "excessive fees and closing costs; below standard and non-diligent underwriting standards, Yield Spread Premiums, Disclosures of additional income due to interest rate increases, and failure to disclose when negative credit scores where disseminated; and failure to provide disclosures of interest rates, business affiliations, kickback fees, hidden referral fees"; and (3) "placing Plaintiffs in a loan they did not qualify for[.]" (<u>Id.</u> at ¶ 56.)

"Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing" is not a cause of action recognized in the State of Hawaii.  Hawaii Courts have recognized the tort of "bad faith."  <u>Best Place v. Penn Am. Ins. Co.</u>, 920 P.2d 334, 342 (Haw. 1996).  The tort of "bad faith," however, only applies to claims in "the insurance context or situations involving special relationships characterized by elements of fiduciary responsibility, public interest, and adhesion."  <u>Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A.</u>, 459 F. Supp. 2d 1028, 1036-1037 (D. Haw. 2006) (quoting <u>Francis v. Lee Enters.</u>, 971 P.2d 707, 711 (Haw. 1999)); <u>Jou v. Nat'l Interstate Ins. Co. Of Haw.</u>, 157 P.3d 561, 568 (Haw. App. 2007) (tort of bad faith only applies in the insurance context because of the "special

circumstances" that distinguish insurance contracts from other types of contracts).  The tort of "bad faith" does not apply in the mortgage context.  <u>See</u> <u>Mier</u>, 2011 U.S. Dist. LEXIS 8484, at* 15-17.

Count III alleges a cause of action that is not applicable outside the insurance context.  Allowing the Plaintiffs leave to amend the Complaint would be futile.  Count III is **DISMISSED WITH PREJUDICE**.


## <u>COUNT IV -- Truth in Lending Act (TILA)</u>

The Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"),[1] was enacted to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a).

TILA requires creditors to make specific financial disclosures and gives consumers a cause of action to seek damages and recision for violations of those disclosure requirements. <u>See</u> 15 U.S.C. § 1638; 12 C.F.R. § 226.23(a); <u>In re Ferrell</u>, 539 F.3d 1186, 1190 (9th Cir. 2008); <u>Yamamoto</u>, 329 F.3d at 1167.

---

[1] TILA is implemented by Federal Reserve Board Regulation Z, 12 C.F.R. § 226.1, *et seq.* <u>Yamamoto v. Bank of New York</u>, 329 F.3d 1167, 1169 (9th Cir. 2003).

Count IV of Plaintiffs' Complaint alleges that Defendants Aurora, MERS, and U.S. Bank failed to satisfy TILA's disclosure requirements and requests (1) damages and (2) recision of the loan agreement.

Defendant MERS is neither a creditor nor assignee as defined by TILA.  See Gorospe v. Secuirty Nat. Mortg., Civ. No. 10-00506 DAE-BMK, 2011 WL 578844, at *6 (D. Haw. Feb. 8, 2011).  Defendant MERS, therefore, cannot be held civilly liable for alleged TILA violations.  15 U.S.C. § 1640(a); 15 U.S.C. § 1641(a).  Count IV as alleged against Defendant MERS is **DISMISSED WITH PREJUDICE**.

As to Defendants Aurora and U.S. Bank, Plaintiffs' TILA claims are time-barred.

**(1) Damages**

Claims for damages under TILA are subject to a one-year statute of limitations.  15 U.S.C. § 1640(e); Consumer Solutions REO, LLC v. Hillery, 658 F.Supp.2d 1002, 1007 (N.D. Cal. 2009).  The one-year period begins to run from the date of the consummation of the loan.  King v. California, 784 F.2d 910, 915 (9th Cir. 1986).  Here, the loan in question was consummated on April 12, 2007, approximately four years before commencement of this action.  Plaintiffs, therefore, would be unable to recover any damages for alleged TILA violations unless the Court, sitting in equity, tolled the statute of limitations.  Id.  The doctrine of equitable tolling preserves otherwise time-barred TILA claims

14

where the Plaintiff's failure to file a timely lawsuit is based

on excusable ignorance.  <u>Id.</u>  In <u>King</u>, The Ninth Circuit Court of

Appeals explained:

> [T]he doctrine of equitable tolling may, in the
> appropriate circumstances, suspend the limitations
> period until the borrower discovers or had reasonable
> opportunity to discover the fraud or nondisclosures
> that form the basis of the TILA action.  Therefore, as
> a general rule, the limitations period starts at the
> consummation of the transaction.  The district courts,
> however, can evaluate specific claims of fraudulent
> concealment and equitable tolling to determine if the
> general rule would be unjust or frustrate the purpose
> of the Act and adjust the limitations period
> accordingly.

784 F.2d at 915.

Plaintiffs's Complaint does not allege equitable tolling.

The Complaint states that "[a]ny and all statute[s] of

limitations relating to disclosures and notices required pursuant

to 15 U.S.C. § 1601, *et seq*. were tolled due to Defendants'

failure to effectively provide the required disclosures."

(Complaint ¶ 63.)  Plaintiffs' statement that Defendants Aurora

and U.S. Bank did not satisfy TILA's disclosure requirements, by

itself, is not sufficient to invoke the doctrine of equitable

tolling.  <u>Garcia v. Wachovia Mortg. Corp.</u>, 676 F. Supp. 2d 895,

906 (C.D. Cal. 2009) ("[T]he mere existence of TILA violations

and lack of disclosure does not itself toll the statute of

limitations.").  The Complaint, even when liberally construed,

fails to plead any facts indicating that Plaintiffs did not have

a reasonable opportunity to discover the TILA violations within

the one-year statute of limitations period.  See Meyer v.
Ameriquest Mortg. Co., 342 F.3d 899, 902-03 (9th Cir. 2003)
(equitable tolling denied because plaintiff did not allege how he
was prevented from discovering of the alleged TILA violations);
Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996).

In their motion, Defendants Aurora and U.S. Bank stated that
the Complaint fails to plead facts giving rise to a viable claim
for equitable tolling and that TILA violations alone do not
support the invocation of equitable tolling.  The Plaintiffs did
not file an Opposition.  The Plaintiffs had an opportunity to
respond and explain how, in the context of alleged TILA
violations, the Plaintiffs would be entitled to equitable
tolling.  The Plaintiffs did not take that opportunity.
Plaintiffs failure to make any legal argument as to why the
Court, sitting in equity, should toll TILA's statute of
limitations is fatal.  See O'Donnell v. Vencor Inc., 466 F.3d
1104, 1112 (9th Cir. 2006) (inaction on the part of the Plaintiff
to specify why equitable tolling applies in TILA context warrants
dismissal with prejudice).  Plaintiffs TILA claim for damages is
time-barred and is, therefore, **DISMISSED WITH PREJUDICE**.

**(2)  Recision**

Pursuant to 15 U.S.C. § 1635(a), a borrower has a right to
rescind a loan transaction "until midnight of the third business
day following the consummation of the transaction or delivery of

the information and rescission forms required under this section together with a statement containing [the required disclosures]." When the required disclosures are not provided, as alleged here, the right to rescission expires three years after consummation of the transaction or sale of the property. 15 U.S.C. § 1635(f). Unlike the one-year statute of limitations governing the recovery of damages, TILA's three-year statute of repose on rescission is not subject to equitable tolling. <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1164 (9th Cir. 2002) (citing <u>King</u>, 784 F.2d at 913). The United States Supreme Court has held that the three-year statute of repose under 15 U.S.C. § 1635(f) "completely extinguishes the right of rescission at the end of the 3-year period." <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 412 (1998).

This action was filed on February 1, 2011, 3 years and 9 months after the transaction was consummated on April 12, 2007. Pursuant to 15 U.S.C. § 1635(f), TILA's three-year statute of repose bars Plaintiffs from any right of rescission under TILA. Plaintiffs' claim for rescission under TILA is **DISMISSED WITH PREJUDICE.**


**COUNT V -- Real Estate Settlement Procedures Act (RESPA)**

The Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") is a "consumer-protection statute promoting the

flow of 'greater and more timely information' between mortgage creditors and debtors." In re Herrera, 422 B.R. 698, 711 (9th Cir. 2010). Count V of Plaintiffs' Complaint alleges violations of RESPA. Plaintiffs' allege that Defendants Aurora, MERS, and U.S. Bank : (1) charged "egregious" fees "not justified by marketplace economics"(Complaint at ¶ 73); (2) "did give, provide or receive a hidden fee or thing of value for the referral of settlement business, including but not limited to, kickbacks, hidden referral fees, and/or yield spread premiums" (id. at ¶ 74); and (3) has not provided evidence that "a Special Information Booklet explaining the settlement costs" was "provided to Plaintiff within three (3) business days after consumer submitted loan applications" (id. at ¶ 75).

## A. There Is No Private Cause of Action For Violations Of Sections 2603 and 2604 of RESPA

Section 2604(c) of RESPA requires mortgage lenders to provide borrowers with a booklet containing a good faith estimate of the amount or range of charges for settlement services. Section 2603(b) requires a person conducting a settlement to make a "uniform settlement statement" available to the borrower at or before settlement. It is well-settled that there is no private cause of action for violations of these sections. Martinez v. Wells Fargo Home Mortg., Inc., 598 F.3d 549, 557 (9th Cir. 2010); accord Collins v. FMHA-USFA, 105 F.3d 1366, 1368 (11th Cir. 1997). Count V, to the extent that it alleges violations of

Sections 2603 and 2604, does not provide Plaintiffs with a viable cause of action.  Because leave to amend would be futile, the claims under Sections 2603 and 2604 of RESPA are **DISMISSED WITH PREJUDICE.**

**B.    Any Claim Under Section 2607 of RESPA Is Time-Barred**

The statute of limitations for a RESPA claim is either one or three years from the date of the violation, depending on the type of violation.  Specifically, 12 U.S.C. § 2614 states:

> Any action pursuant to the provisions of section 2605, 2607, or 2608 may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 and 1 year in the case of a violation of section 2607 or 2608 from the date of the occurrence of the violation. . .

Here, the alleged RESPA violations occurred approximately three years and nine months from the filing of the action.  Plaintiffs make no allegation of equitable tolling and there is nothing in the Complaint indicating that equitable tolling applies.  See Sakugawa v. IndyMac Bank, F.S.B., Civ. No. 10-00504 JMS-LEK, 2010 U.S. Dist. LEXIS 125096, at* 11-12 (D. Haw. Nov. 24, 2010) ("Plaintiff brought this action well past either the one- or three-year statute of limitations for RESPA violations and the Complaint includes no allegations suggesting that equitable tolling may apply.").

Defendants Aurora, MERS, and U.S. Bank's motion clearly gave the Plaintiffs notice that their RESPA claims were time-barred. The Plaintiffs did not file an Opposition. The Plaintiffs have not provided the Court with any legal or factual reason why the Court, sitting in equity, would toll RESPA's statute of limitations. Plaintiffs' Section 2607 claim is time-bared and there are no grounds for invoking the doctrine of equitable tolling. Count V is **DISMISSED WITH PREJUDICE.**

## COUNT VI –– Rescission

Count VI asserts that "Plaintiffs are entitled to rescind the loan for all of the foregoing reasons: 1) TILA Violations; 2) RESPA; 3) Fraudulent Concealment; 4) Deceptive Acts and Practices (UDAP) and 5) Public Policy Grounds, each of which provides independent grounds for relief." (Complaint at ¶ 77.) Rescission is a remedy, not a cause of action. Bischoff v. Cook, 185 P.3d 902, 911 (Haw. App. 2008). As a remedy, rescission "rises or falls with other claims." Ballard v. Chase Bank U.S., NA, Civ. No. 10-790 L(POR), 2010 U.S. Dist. LEXIS 130097, at *20 (S.D. Cal. Dec. 9, 2010).

The right of recession is contingent upon an independent cause of action. The court considers the merits of rescission to the extent that it applies to a separate cause of action in the

complaint.  Rescission does not constitute an independent cause
of action, therefore, Count VI is **DISMISSED WITH PREJUDICE**.


**COUNT VII -- Unfair and Deceptive Business Act Practices (UDAP)**

Count VII of Plaintiffs' Complaint alleges that Defendants
Aurora, MERS, and U.S. Bank violated the Hawaii State Unfair and
Deceptive Business Practices Act (hereafter "UDAP").  Plaintiffs
allege that Defendants Aurora, MERS, and U.S. Bank knowingly
placed Plaintiffs in a loan they could not afford, and that they
used deceptive payment schedules and charges to hide their
deceptive practices.  (Complaint at ¶ 83.)

Hawaii Revised Statute Section 480-2(a) makes it unlawful to
engage in "unfair or deceptive acts or practices in the conduct
of any trade or commerce."  H.R.S. § 480-2(a).  The Hawaii
Supreme Court describes "deceptive acts or practices" as having
"the capacity or tendency to mislead or deceive."  Courbat v.
Dahana Ranch, Inc., 141 P.3d 427, 434-435 (Haw. 2006) (quoting
State by Bronster v. U.S. Steel Corp., 919 P.2d 294, 312-13 (Haw.
1996)).  The Hawaii Supreme Court has adopted the Chiffdale
Assocs. test.  Id. (citing In re Cliffdale Assocs., Inc., 103
F.T.C. 110, Trade Cas. (CCH) P22137 (1984)).  Under the Cliffdale
Assocs. test, a deceptive act or practice is (1) a
representation, omission, or practice that (2) is likely to
mislead consumers acting reasonably under circumstances where (3)

the representation, omission, or practice is material.  _Id._; _see_
_FTC v. Pantron I Corp._, 33 F.3d 1088, 1095 (9th Cir. 1994).  "A
representation, omission, or practice is considered 'material' if
it involves 'information that is important to consumers and,
hence, likely to affect their choice of, or conduct regarding, a
product.'"  _Id._ (citing _Novartis Corp. v. FTC_, 343 U.S. App. D.C.
111, 223 F.3d 783, 786 (D.C. Cir. 2000)).

Any allegation under H.R.S. § 480-2(a) involving claims of
"fraudulent business practices" must be plead with particularity
pursuant to Federal Rule of Civil Procedure 9(b).  _Smallwood v._
_NCsoft Corp._, 730 F. Supp. 2d 1213, 1232-1233 (D. Haw. 2010).
Rule 9(b) requires a party asserting a claim involving fraud to
"state with particularity the circumstances constituting fraud .
. . ." Fed. R. Civ. P. 9(b).  The claim must "be accompanied by
the 'who, what, when, where, and how' of the misconduct charged."
_Kearns v. Ford Motor Co._, 567 F.3d 1120 (9th Cir. 2009) (internal
citation and quotation marks omitted); _see_ _Alan Neuman Prod._,
_Inc. v. Albright_, 862 F.2d 1388, 1393 (9th Cir. 1988).

The Plaintiffs' Complaint, as plead, fails to state a claim
under H.R.S. § 480-2(a).  The Complaint makes generalized and
vague allegations of deceptive business practices and fails to
identify "who, what, when, where, and how" Defendants Aurora,
MERS, and U.S. Bank violated H.R.S. § 480-2(a) under any
cognizable legal theory.  Allowing Count VII to proceed pursuant

to H.R.S. § 480-2(a) as it is currently plead would not give Defendants Aurora, MERS, and U.S. Bank sufficient notice of Plaintiffs' claims.

In Plaintiffs' Complaint, all allegations under Count VII involve acts by the originating lender and not by Defendants Aurora, MERS, and U.S. Bank. H.R.S. § 480-2(a) does not attach liability because one is an assignee. <u>Araki v. One West Bank</u>, No. CV-10-00103, 2010 U.S. Dist. LEXIS 140797, *23 (D. Haw. Sept. 9, 2010); <u>see</u> <u>also</u> <u>Melton v. Family First Mortg. Corp.</u>, 156 N.C. App. 129, 576 S.E.2d 365, 369 (N.C. App. 2003). Giving Plaintiffs leave to amend their UDAP claims against Defendants Aurora, MERS, and U.S. Bank would be futile since they were not the original lenders and, therefore, were not involved in soliciting or marketing the loan transaction in dispute. Count VII is **DISMISSED WITH PREJUDICE.**


## COUNT VIII -- Breech of Fiduciary Duty

Count VIII of the Plaintiffs' Complaint alleges that Defendants Aurora, MERS, and U.S. Bank owed Plaintiffs a fiduciary duty. (Complaint at ¶¶ 88-91.) Plaintiffs claim that Defendants Aurora, MERS, and U.S. Bank breached a fiduciary duty by placing the Plaintiffs in a loan the Defendants knew the Plaintiffs could not afford. (<u>Id.</u> at ¶ 88.)

It is well-settled law that absent some special arrangement, a lender owes no fiduciary duty to the borrower.  McCarty v. GCP Mgmt., LLC, Civ. No. 10-00133 JMS/KSC, 2010 U.S. Dist. LEXIS 122585, at *12 (D. Haw. Nov. 17, 2010); Spencer v. DHI Mortg. Co., 642 F. Supp. 2d 1153, 1161 (E.D. Cal. 2009) ("Absent 'special circumstances' a loan transaction 'is at arms-length and there is no fiduciary relationship between the borrower and lender.'") (quoting Oaks Mgmt. Corp. v. Super. Ct., 51 Cal. Rptr. 3d 561 (Cal. App. 2006)).  A fiduciary duty may arise when a lender "excessively controls or dominates the borrower" effectively forcing the borrower to act "against its will." Periquerra v. Meridas Capital, Inc., C 09-4748 SBA, 2010 U.S. Dist. LEXIS 8082, at *7 (N.D. Cal. Feb. 1, 2010).  Alternatively, "a special relationship might exist if a bank offers any provision of trust or fiduciary services, or otherwise agrees to serve as a financial advisor."  River Colony Estates Gen. P'ship. v. Bayview Fin. Trading Grp., 287 F. Supp. 2d 1213, 1224 (S.D. Cal. 2003).

In Count VIII, Plaintiffs fail to plead any facts that would show a special arrangement or circumstance giving rise to a legally identifiable fiduciary duty between the Defendants and the Plaintiffs.  Bald assertions in the Complaint that a fiduciary duty exists fails to satisfy the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6).  See Iqbal, 129

24

S. Ct. at 1951; <u>Shepherd v. Am. Home Mortg. Servs., Inc.</u>, 2009

U.S. Dist. LEXIS 108523, at *2 (E.D. Cal. Nov. 20, 2009)

("Plaintiff cites no authority for the proposition that

[Defendants] owed a duty to not cause plaintiff harm. . . . In

fact, loan servicers do not owe a duty to the borrowers of the

loans they service."). As plead, Count VIII fails to state a

claim against Defendant Lending Tree. Defendants Aurora, MERS,

and U.S. Bank did not owe a fiduciary duty to the Plaintiffs,

therefore, Count VIII is **DISMISSED WITH PREJUDICE**.


## COUNT IX -- Unconscionability

Count IX of Plaintiffs' Complaint alleges:

Here, based on deception, unfair bargaining position,
lack of adherence to the regulations, civil codes and
federal standards that the Defendants were required to
follow; coupled with the windfall that the Defendants
reaped financially from their predatory practices upon
Plaintiff's [sic], the court may find that the loan
agreement and trust deed are unconscionable and of no
force or effect.

(Complaint at ¶ 95.)

The Court may strike any clause or contract that is

unconscionable pursuant to Hawaii Revised Statute Chapter 490,

Section 2-302 Unconscionable Contract or Clause.[2]  A contract

---

[2]H.R.S. § 490: 2-302 states:

(1) If the court as a matter of law finds the contract
or any clause of the contract to have been
unconscionable at the time it was made the court may
refuse to enforce the contract, or it may enforce the

25

will be found to be unconscionable when "in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract." <u>Earl M. Jorgensen Co. v. Mark Constr.</u>, 540 P.2d 978, 984 (Haw. 1975) (quoting Comment 1 to H.R.S. § 490:2-302). "It is apparent that two basic principles are encompassed within the concept of unconscionability, one-sidedness and unfair surprise." <u>Lewis v. Lewis</u>, 748 P.2d 1362, 1366 (Haw. 1988). Upon determining that a particular clause or contract is unconscionable, the Court may strike the clause, render the contract unenforceable, or construe the unconscionable provision in such a way as to render it no longer unconscionable. H.R.S. § 490: 2-302.

Unconscionability, however, is not an independent cause of action. <u>See</u> <u>Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n</u>, 148 P.3d 1179, 1196 (Haw. 2006) (unconscionability is defense to

---

remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

(2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.

enforcement of arbitration clause); <u>Honolulu v. Midkiff</u>, 616 P.2d
213, 217 (Haw. 1980) (unconscionability used as defense to
enforcement of contract). "Unconscionability" is a defense to
the enforcement of a contract or a legal argument in support of
some other claim. <u>Mier</u>, 2011 U.S. Dist. LEXIS 8484, at *36;
<u>Gaitan v. Mortg. Elec. Registration Sys.</u>, Civ. No. 09-1009 VA,
2009 U.S. Dist. LEXIS 97117 (C.D. Cal. Oct. 5, 2009) ("No such
affirmative claim exists. Unconscionability may be raised as a
defense in a contract claim, or as a legal argument in support of
some other claim, but it does not constitute a claim on its
own.") (citing <u>Dean Witter Reynolds, Inc. v. Superior Court</u>, 211
Cal. App. 3d 758, 766, 259 Cal. Rptr. 789 (1989)). Plaintiffs''
claim of unconscionability is not an independent cause of action,
it is only a defense to the enforcement of a contract. As plead,
Count IX does not state an independent cause of action.

The Complaint may be liberally construed as seeking a
declaratory judgment that Defendant Lending Tree cannot enforce
the underlying contract because it is unconscionable.
Plaintiffs' Complaint, however, would still fail to adequately
plead a cause of action. In asserting any allegation of
unconscionability, the party seeking to nullify the contract or
clause must specify which terms of the contract are
unconscionable. <u>See</u> <u>Skaggs v. HSBC Bank USA, N.A.</u>, Civ. No.
10-00247 JMS/KSC, 2010 U.S. Dist. LEXIS 135724, at *9-11 (D. Haw.

Dec. 22, 2010).  Failure to specify which terms are unconscionable fails to state a claim pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).  Id.; Mier, 2011 U.S. Dist. LEXIS 8484, at *36.  Here, the Plaintiffs' Complaint does not specify which terms of the underlying contract are unconscionable.  The Complaint makes generalized allegations regarding the "the loan agreement" and "trust deed" but gives no facts or indications of which terms or clauses of these documents are unconscionable.  Without more, Count IX fails to state a claim for which relief can be granted pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).

Count IX is **DISMISSED WITH LEAVE TO AMEND.**  Plaintiffs have until June 27, 2011 to amend their claim to specify how Unconscionability is an independent cause of action, and which terms of the "loan agreement" and "trust deed" are unconscionable.  Failure to amended consistent with this Order by June 27, 2011 will result in dismissal of the claim.


**COUNT X -- Predatory Lending**

Count X of Plaintiffs' Complaint seeks relief for alleged "predatory lending" by Defendants Aurora, MERS, and U.S. Bank. Predatory lending is not a cause of action.  Mier, 2011 U.S. Dist. LEXIS 8484, at *36 ("[T]here is no common law claim for 'predatory lending.'"); Pham v. Bank of Am., N.A., No. C10-02613

HRL, 2010 U.S. Dist. LEXIS 81688, at *11 (N.D. Cal. Aug. 11, 2010) ("There is no common law claim for predatory lending."). The term "predatory lending" is too broad, leaving the Court and Defendants "to guess whether this cause of action is based on an alleged violation of federal law, state law, common law, or some combination of the above." Vissuet v. Indymac Mortg. Servs., 09-CV-2321, 2010 U.S. Dist. LEXIS 26241, at *9 (S.D. Cal. Mar. 19, 2010). Hawaii Court have not recognized a tort of "predatory lending" and the precise elements of such a cause of action remain undefined. Mier, 2011 U.S. Dist. LEXIS 8484, at *36. As an independent cause of action "predatory lending" is not a claim for relief. Id.; Vissuet, 2010 U.S. Dist. LEXIS 26241, at *9. Count X is **DISMISSED WITH PREJUDICE**.


**COUNT XI –– Quiet Title**

Count XI of Plaintiffs' Complaint seeks "a declaration that the title to the Subject Property is vested in Plaintiff's [sic] alone and that the Defendants herein, and each of them, be declared to have no estate[.]" (Complaint at ¶ 113.)

Hawaii Revised Statute § 669-1(a) provides a cause of action for quiet title. It states that an "[a]ction may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim."

H.R.S. § 669-1(a). A borrower, however, "many not assert 'quiet title' against a mortgagee without first paying the outstanding debt" on the property. Rosenfeld, 732 F. Supp. 2d at 975 (quoting Kelley v. Mort. Elec. Registration Sys., 642 F. Supp. 2d. 1048, 1057 (N.D. Cal. 2009); Mier, 2011 U.S. Dist. LEXIS 8484, at* 15-17 ("[T]o assert a claim for quiet title against a mortgagee, a borrower must allege they have paid, or are able to tender, the amount of the indebitness.").

The Complaint does not indicate that the Plaintiffs satisfied the outstanding debt on the Subject Property created by the loan transaction on April 12, 2007. Plaintiffs' Complaint merely alleges "a formulaic recitation of the elements of the cause of action" for quiet title. Iqbal, 129 S. Ct. At 1949. The Complaint plainly indicates that there is still an outstanding debt on the Subject Property and the majority of Plaintiffs' other claims derive from that mortgage. The Complaint does not make a valid claim for quiet title and alleges facts that would bar any such relief. Count XI is **DISMISSED WITH PREJUDICE.**

**COUNT XII -- Lack of Standing**

Count XII applies to Defendant MERS. Count XII is titled "Lack of Standing; Improper Fictitious Entity" and alleges that MERS is an "artificial entity" "designed to circumvent certain

laws and other legal requirements dealing with mortgage loans."
(Compl. ¶ 117.) Plaintiffs assert that an assignment of the note
or mortgage to MERS is illegal, and therefore "MERS has no legal
standing to foreclose." (Id. ¶¶ 118, 121.) Plaintiffs appear to
be alleging that MERS may not foreclose, or has improperly
foreclosed, because it is not a holder of the note.

Count XII fails to state a claim because standing is a
requirement for a plaintiff in order to proceed in a lawsuit, not
an independent cause of action. Mier, 2011 U.S. Dist. LEXIS
8484, at *42-44. Lack of standing is a defense against a lawsuit
or claim, not an affirmative cause of action. Id. Count XII is,
therefore, **DISMISSED WITH PREJUDICE.**


## CONCLUSION

DEFENDANTS AURORA LOAN SERVICES LLC, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-15N'S MOTION FOR SUMMARY JUDGMENT, OR
IN THE ALTERNATIVE, MOTION TO DISMISS COMPLAINT filed on April 4,
2011 (Doc. 12) is **GRANTED** with leave to amend in part, as
follows:

(1)  Counts I, II, III, IV, V, VI, VII, VIII, X, XI, and XII fail
     to state claims for which relief can be granted and,
     therefore, are **DISMISSED WITH PREJUDICE.**

(2) Count IX fails to state claims for which relief can be granted. As plead, Count IX fails to allege sufficient plausible facts that would give rise to a cause of action and are **DISMISSED WITHOUT PREJUDICE.**

(3) Plaintiffs have until June 27, 2011 to file an Amended Complaint against Defendants Aurora, MERS, and U.S. Bank consistent with this Order as to Count IX only.

(4) Failure to file an Amended Complaint consistent with this Order by June 27, 2011 will result in dismissal of the entire matter.


IT IS SO ORDERED.

Dated: May 24, 2011, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge


Cannon, _et al_ v. US Bank, _et al_; Civ. No. 11-00079 HG-BMK;  **ORDER GRANTING DEFENDANTS AURORA LOAN SERVICES LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-15N'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO DISMISS COMPLAINT (DOC. 23) WITH LEAVE TO AMEND .**